IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on January 5, 2018

## BRIAN METZGER v. STEPHANIE DIANE METZGER

**Appeal from the Circuit Court for Jefferson County**
**No. 24348-II     Beth Boniface, Judge**

_____

**No. E2018-00035-COA-T10B-CV**

_____

This is an interlocutory appeal as of right, pursuant to Rule 10B of the Rules of the Supreme Court of Tennessee, from the denial of a motion to recuse the Trial Court Judge filed by Stephanie Diane Metzger ("Mother") during the final hearing in the parties' divorce proceedings below. Having reviewed the Petition for Recusal Appeal filed by Mother, and discerning no reversible error in Trial Court's denial of the motion, we affirm.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Judgment of the Circuit Court Affirmed**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and BRANDON O. GIBSON, J., joined.

David L. Valone, Knoxville, Tennessee, for the appellant, Stephanie Diane Metzger.

Jason S. Randolph, Dandridge, Tennessee, for the appellee, Brian Metzger.

## OPINION

The parties' divorce proceedings have been pending since June of 2015. Prior to the final hearing, the parties stipulated to the division of marital assets with the exception of a few items. As a result, the majority of the final hearing was devoted to the issues of custody and support for the parties' minor child, including Mother's desire to relocate with the minor child to Indiana. Over the course of four days in August and September of 2017, the Trial Court Judge heard testimony from some witnesses and received into evidence thirty-two (32) exhibits. Prior to the final hearing, Brian Metzger ("Father") had listed thirty-seven (37) potential witnesses, and Mother had listed thirty-four (34) potential witnesses. However, by the end of the fourth day of testimony on September 29, 2017, the Trial Court Judge had heard testimony only from Father, one of Father's

witnesses, and the out-of-order direct examination testimony of Mother but not her complete cross-examination testimony. At that point in the proceedings, the Judge made the following observations to counsel:

> I'm going to go ahead and tell you what my thoughts are. I'm not going to give all the facts and things like that, that I would do for a written thing, but I'm going to give you guidance on where we're going.
>
> And hopefully this will help you and it also might hone in the last little bit that we need to do as far as questioning of this witness and any rehabilitation of this witness through re-direct. I totally understand that at this time in your life you want to be back closer to family. I get that. I think you feel very lonely and very vulnerable and I understand that.
>
> But I cannot. . Besides extended family there is just not a reason for me to say that dad should not enjoy more time with his son and for you to move up there. And then your child is in 4-H, you know, during the summer. During the school year he's going to have very limited time. During the summer he wouldn't even have the full summer.
>
> And where does the child really want to go a full summer without seeing his mom? So, I am not finding that it's in the child's best interest to . .

Counsel for Mother interrupted at that point to lodge an objection on grounds that Mother had not even started her case-in-chief, to which the Judge responded as follows:

> You can use this as some guidance. I have not made. . That's what I said. I am not making Finding of Fact. But I am Finding that that is where I'm going, to give you guidance unless there is some just bombshell that comes out. Which there may. You may have a bombshell. But at this point after listening to both parents over a period of three days, three days I have listened to both parents tell me all about each other, that is where I'm going. Your client does not have a job up there. She has extended family up there that she wants very much to. .

Counsel then again interrupted to make the point that he believed the Judge was "pre-judging the case before all the proof [was] in."

A discussion thereafter ensued between counsel for Mother and the Trial Court Judge regarding what additional witnesses Mother planned to present on the issue of the best interests of the minor child, particularly with regard to Mother's desire to relocate to Indiana. When counsel for Mother attempted to argue that children are the best witnesses for what is in their best interests, and that he had not yet presented testimony from the

parties' minor child on this point, the Judge commented:

> They are a factor but nowhere near. . I am not letting the children drive the bus on parenting. So I'm just letting you know where I'm going with this. It is going to be an extremely hard hurdle to get me to say that it is in this child's best interest to relocate to Indiana. Now, if you do not agree with me don't worry. There is such a wonderful power of Appeal that you will have and you may do that. Now, if something comes up that changes my mind, that's fine. But I'm telling you after listening to three days of the two most important people in this child's life, that have the most information about this child, I am definitely leaning toward the child staying in Tennessee.

In response to this comment, counsel for Mother stated:

> Right. And now the problem there is basically saying it's resolved. And they're. . You basically told them they've won. You basically said that. But where is my client going to go. This guy makes over $200,000.00 a year. .

The Judge quickly corrected counsel and stated:

> I haven't basically said he's won. It's not a win/lose thing here. . . .
>
> [T]hese are good parents but they need to co-parent. This child needs both parents. And the only reasons that have been given, during three days of testimony from your client, has been she has a lot of family support there and [the child] loves it up there. And I understand he loves it up there every summer. It's not during the school year. He's with his grandparents. It's a wonderful vacation time. It's a wonderful vacation period. Kids love vacation. They love Myrtle Beach but I can't move to Myrtle Beach.

The Trial Court Judge and counsel for both parties then continued to discuss the nature of the proof already presented, and what proof the parties still expected to present on the issues yet to be resolved. During this discussion, the Judge made the following additional comment on her view of Mother's desire to present testimony from the minor child on the issue of what would be in his best interests:

> I have not lightly made this decision. And if there is some bombshell that I pretty much know what is going to happen, [the minor child] is going to get in here and I think he's going to say he loves Indiana, or you wouldn't be putting him up there.

3

When counsel for Mother persisted in arguing why the testimony of the minor child was so important to the disposition of the issue of custody in this case, the Judge stated:

> And I'm telling you the reasons why I'm leaning that way. That is the way I'm leaning. And I'm trying to tell you that so I was in hopes that the parents would be able to have more say in trying to devise a Parenting Plan without me doing it. . . .
>
> Apparently it's not going to be any help for me to give the guidance at this point. I retract any guidance that I gave. I have made no guidance. I've made no Ruling. I was merely trying to help the parents and explain why I'm thinking the way I'm thinking. And like I said before, I have listened to three full days of both parents. I'm not just lightly making this decision based on no information whatsoever. I am basing this on both parents['] lengthy and extensive testimony. But if there's. . I take it all back because [counsel for Mother] rightfully is correct. He's absolutely correct that we will listen to the rest of the testimony before we finish.

The hearing then concluded.

Almost two months later, on November 21, 2017, counsel for Mother filed a motion to recuse the Trial Court Judge, arguing that the statements made by the Judge at the conclusion of the hearing on September 29, 2017, indicated that she had prejudged the matter without hearing all of the proof. The motion, and the accompanying affidavit in support, asserted that the Judge's comments gave Mother a reasonable basis upon which to question the impartiality of the tribunal going forward. The motion, and accompanying affidavit, further stated that recusal was not being sought for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of the litigation. *See* Tenn. Sup. Ct. R. 10B, § 1.01 ("The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.").

After hearing argument from counsel at a hearing on the motion to recuse, the Trial Court Judge entered a written order denying the motion in which she characterized her statements at the conclusion of the hearing on September 29, 2017, as giving the parties "an analysis" of the evidence presented thus far on the issue of Mother's desire to relocate to Indiana "in an effort to aid counsel in refining their case." The Judge made clear in her order that she "did not make a ruling, did not stop the proof in the trial and did not say that it was finished listening to the evidence." The Judge further elaborated

4

upon the nature of her challenged remarks as follows:

> [T]he Court clearly stated that the proof was still open and would be analyzed without prejudice by the Court and that the evidence may prove that the relocation is in the child's best interests. The Court did not close the door on the proof supporting or opposing relocation. There has been no showing that the Court is biased or prejudiced against either parent. In contrast, the Court has stated repeatedly that both parents are good people, capable of being good co-parents. The Court had no thoughts regarding [Mother's] desire to move until the end of the fourth day of testimony. The Court merely stated that the analysis of the proof presented thus far weighed against relocation to Indiana.

The Judge then quoted *Groves v. Ernst-Western Corp.*, No. M2016-01529-COA-T10B-CV, 2016 WL 5181687, at *5 (Tenn. Ct. App. Sept. 16, 2016), for the proposition that "[f]orming an opinion of litigants and issues based on what is learned in the course of judicial proceedings is necessary to a judge's role in the judicial system." The Judge concluded her order by stating that she "remain[ed] committed to adjudicating the rights and responsibilities of the parents based upon the child's best interests."

Mother thereafter timely filed her Petition for Recusal Appeal in this Court pursuant to Rule 10B. We have determined in this case after a review of the petition, and supporting documents submitted with the petition, that an answer, additional briefing, and oral argument are unnecessary to our disposition because the record provided by Mother does not demonstrate error by the Trial Court Judge in the denial of the motion to recuse. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of Rule 10B. *See* Tenn. Sup. Ct. R. 10B, § 2.05 ("If the appellate court, based upon its review of the petition and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court."); § 2.06 ("An accelerated interlocutory appeal shall be decided by the appellate court on an expedited basis. The appellate court's decision, in the court's discretion, may be made without oral argument.").

## ANALYSIS

Without question, "[t]he right to a fair trial before an impartial tribunal is a fundamental constitutional right." *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)); *see also* Tenn. Const. Art. VI, § 11. This constitutional right "is intended 'to guard against the prejudgment of the

rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court had reached a prejudged conclusion because of interest, partiality, or favor.'" *Id.* (quoting *Austin*, 87 S.W.3d at 470). "[P]reservation of the public's confidence in judicial neutrality requires not only that the judge be impartial in fact, but also that the judge be perceived to be impartial." *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998); *see also Offutt v. United States*, 348 U.S. 11, 14 (1954) (holding that "justice must satisfy the appearance of justice"). As such, Rule 2.11(A) of the Code of Judicial Conduct as set forth in Rule 10 of the Rules of the Supreme Court of Tennessee requires a judge to recuse himself or herself "in any proceeding in which the judge's impartiality might reasonably be questioned." *See also Smith v. State*, 357 S.W.3d 322, 341 (Tenn. 2011) (noting that recusal is required, even if a judge subjectively believes he or she can be fair and impartial, whenever "'the judge's impartiality might be reasonably questioned because the appearance of bias is as injurious to the integrity of the judicial system as actual bias'") (quoting *Bean*, 280 S.W.3d at 805).

The terms "bias" and "prejudice" generally "refer to a state of mind or attitude that works to predispose a judge for or against a party"; however, "[n]ot every bias, partiality, or prejudice merits recusal." *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). Specifically,

> [P]rejudice must be of a personal character, directed at the litigant, 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case.'
> . . .
> Personal bias involves an antagonism toward the moving party, but does not refer to any views that a judge may have regarding the subject matter at issue. Impersonal prejudice resulting from the judge's background experience does not warrant disqualification. If the bias is based upon actual observance of witnesses and evidence given during the trial, the judge's prejudice does not disqualify the judge. However, if the bias is so pervasive that it is sufficient to deny the litigant a fair trial, it need not be extrajudicial.
> Adverse rulings by a trial court are not usually sufficient grounds to establish bias. Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification.

*Id.* (internal citations omitted); *see also State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008); *State v. Reid*, 213 S.W.3d 792, 816 (Tenn. 2006). The reason for this rule has been explained by our Supreme Court as follows:

6

Given the adversarial nature of litigation, trial judges necessarily assess the credibility of those who testify before them, whether in person or by some other means. Thus, the mere fact that a witness takes offense at the court's assessment of the witness cannot serve as a valid basis for a motion to recuse. If the rule were otherwise, recusal would be required as a matter of course since trial courts necessarily rule against parties and witnesses in every case, and litigants could manipulate the impartiality issue for strategic advantage, which the courts frown upon.

*Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 565 (Tenn. 2001) (internal citations omitted).

Moreover, "a judge should not decide to recuse unless a recusal is truly called for under the circumstances." *Rose v. Cookeville Reg'l Med. Ctr.*, No. M2007-2368-COA-R3-CV, 2008 WL 2078056, * 2 (Tenn. Ct. App. May 14, 2008). This is true because "'[a] judge has as much of a duty not to recuse himself [or herself] absent a factual basis for doing so as he [or she] does to step aside when recusal is warranted.'" *Id.* at *2-3 (quoting *Mass v. McClenahan*, No. 93 Civ. 3290(JSM), 1995 WL 106106, * 1 (S.D.N.Y. Mar. 9, 1995)). Recusal based upon an asserted appearance of bias or prejudice "'is appropriate only if the facts provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality.'" *Id.* at *3 (quoting *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981)).

In this case, the Trial Court Judge's remarks at the conclusion of the hearing on September 29, 2017, would not lead a well-informed, disinterested observer to question the impartiality of the Judge in this case. As the Judge noted in her order denying the motion to recuse:

> Forming an opinion of litigants and issues based on what is learned in the course of judicial proceedings is necessary to a judge's role in the judicial system. As such, an opinion formed on the basis of what a judge properly learns during judicial proceedings, and comments that reveal that opinion, are not disqualifying unless they are so extreme that they reflect an utter incapacity to be fair. Judicial expressions of impatience, dissatisfaction, annoyance, and even anger towards counsel, the parties, or the case, will not ordinarily support a finding of bias or prejudice unless they indicate partiality on the merits of the case.

*Groves*, 2016 WL 5181687, at *5 (internal citations omitted). Not only did the Judge take great pains to explain in her remarks that she was not prejudging the issues in this case, she also made clear in those remarks that she viewed both parties as "good parents," both

7

of whom were needed in the life of their minor child. Such remarks hardly indicate any bias or prejudice against Mother, let alone the level of bias or prejudice necessary to warrant recusal.

## CONCLUSION

Having determined that the record provided by Mother does not demonstrate error on the part of the Trial Court Judge in denying the motion to recuse, we affirm. Mother is taxed with the costs of this appeal, for which execution may issue. This case is remanded for further proceedings.

_____
JOHN W. MCCLARTY, JUDGE